IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–01974–EWN–BNB

ROBERT D. CARTER, and
MADELIN CARTER,

    Plaintiffs,

v.

ALPHA MOVING COMPANY, and
SPIRIT RELOCATION, INC.,

    Defendants.

## ORDER AND MEMORANDUM OF DECISION

    This is a breach of contract case. Plaintiffs Robert and Madelin Carter assert that Defendants Alpha Moving Company ("Defendant Alpha") and Spirit Relocation, Inc. ("Defendant Spirit") were unreasonably untimely, charged twice the amount initially quoted, and damaged or lost many of Plaintiffs' personal items in transporting said items from Colorado to Florida. This matter comes before the court on: (1) the woefully misguided "Defendant Spirit Relocation Inc.'s Notice of Removal," filed October 3, 2006; and (2) "Plaintiffs' Motion to Remand to State Court," filed October 11, 2006.

**FACTS**

On October 25, 2005, Plaintiffs commenced this action by filing a complaint in the District Court for Adams County, Colorado. (Def. Spirit Relocation Inc.'s Notice of Removal, Ex. A [10/25/05 Complaint] [filed Oct. 3, 2006] [hereinafter "Notice"].)  In their complaint, Plaintiffs alleged that, in connection with transporting Plaintiffs' personal household possessions from Colorado to Florida, Defendants: (1) charged Plaintiffs an amount more than twice the price originally quoted; (2) unreasonably delayed the transportation and delivery of Plaintiffs' items; and (3) damaged and failed to deliver certain of Plaintiffs' items. (*Id.*)  In recompense, Plaintiffs sought fifteen thousand dollars in damages. (*Id.*)  On October 27, 2005, Plaintiffs filed a motion to retain the case on the court's docket, citing difficulties locating Defendants in order to effect service of process. (*Id.*, Ex. H at 4 [Motion to Retain].)  Plaintiffs noted they had been able to serve "at least one [D]efendant" and requested that the court not dismiss their case.[1] (*Id.*, Ex. H at 4–5 [Motion to Retain].)

On November 22, 2005, Defendant Spirit answered Plaintiffs' complaint. (*Id.*, Ex. E [Answer and Counterclaim].)  Concurrently with its answer, Defendant Spirit filed a counterclaim against Plaintiffs for breach of contract, asserting that Plaintiffs had failed to pay three hundred dollars of the full contract price for transportation of their items. (*Id.*, Ex. E ¶¶ 4–5 [Answer and Counterclaim].)

---

[1] According to Defendant Spirit, Plaintiffs have never served Defendant Alpha with a copy of their complaint. (Notice at 1.)

On November 22, 2005, the Adams County District Court filed an order to show cause why the case should not be dismissed for failure to prosecute. (*Id.*, Ex. G [Notice of Dismissal for Failure to Prosecute].) Evidently, Plaintiffs failed to satisfy the court's order and the case was dismissed. On April 27, 2006, Plaintiffs filed a motion to reopen the case. (*Id.*, Ex. H [Mot. to Reopen].) From the record before this court, it appears the motion was granted, and Plaintiffs set about attempting to schedule a trial. (*Id.*, Ex. J [5/23/06 Notice], Ex. K [6/1/06 Notice], Ex. L [6/9/06 Notice].) On June 20, 2006, Plaintiffs filed notice that trial of the case was scheduled to commence on October 17, 2006 at 1:30 o'clock p.m. (*Id.*, Ex. M [6/20/06 Notice].) Plaintiffs attached to their notice a duly executed certificate reflecting service by United States Postal Service to Defendant Spirit's counsel. (*Id.*)

On August 10, 2006, Defendant Spirit filed a motion to dismiss Plaintiffs' complaint, in which it argued that Plaintiffs' claims were preempted by the Interstate Commerce Act, 49 U.S.C. § 13101 *et seq.* (2006) — specifically, the Carmack Amendment thereto, 49 U.S.C. § 14706 (2006) (the "Carmack Amendment") — and thus improperly before the state court. (*Id.*, Ex. B [8/10/06 Mot. to Dismiss].) On September 11, 2006, Plaintiffs responded to Defendant Spirit's motion. (*Id.*, Ex. P [9/11/06 Pls.' Reply (sic) to Mot. to Dismiss].) On September 15, 2006, Defendant Spirit filed a reply in support of its motion. (*Id.*, Ex. Q [9/15/06 Reply].) Although the record is not clear, given Defendant's notice of removal presently before this court, this court assumes the Adams County District Court either has not yet ruled on the motion to dismiss or has denied it.

On October 3, 2006, two weeks to the day before trial in state court was to begin, Defendant Spirit filed a notice of removal of the case to this court.[2] (Notice.)  In a similar vein as its motion to dismiss, Defendant Spirit argues that Plaintiffs' claims are preempted and governed by the Carmack Amendment.  (*Id.*)  Defendant Spirit argues that: (1) removal is timely because Plaintiffs first conceded their claim indeed arises under the Carmack Amendment in their September 10, 2006 response to Defendant Spirit's motion to dismiss; and (2) removal is appropriate because this court has "exclusive jurisdiction" over claims under the Carmack Amendment.  (*Id.*)  On October 6, 2006, Plaintiffs filed an objection to the notice of removal, in which they argue removal is untimely and underscore that this matter is set for trial, beginning October 17, 2006.  (Pls.' Obj. to Spirit Relocation, Inc.'s Removal Request [filed Oct 6, 2006] [hereinafter "Pls.' Obj."].)  On October 11, 2006, Plaintiffs filed a motion to remand the case, in which they present essentially the same arguments as in their objection.  (Pls.' Mot. to Remand to State Ct. [filed Oct. 11, 2006] [hereinafter "Pls.' Br."].)

## ANALYSIS

Stated simply, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

---

[2]In its notice, Defendant Spirit: (1) failed to inform the court that trial is set to begin in state court on October 17, 2006; (2) and represented to this court that no hearings were set to take place in the instant case.  (Notice; Supplemental Civil Cover Sheet for Notices of Removal [filed Oct. 3, 2006].)  Although trial is technically not a hearing, Defendant Spirit's intentions to leave this court with the impression that this case is currently not active in the state court are clear.  This court can think of no better application for a dramatic phrase that has come into the colloquial lexicon: "Something is rotten in the state of Denmark."  WILLIAM SHAKESPEARE, HAMLET act 1, sc. 4.

-4-

the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (2006). A defendant seeking removal of an action initiated in state court must file a notice of removal with the district court within thirty days of service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b). The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Further, an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c) (2006).

As stated above, by some mysterious illogic, Defendant Spirit argues this matter is properly subject to removal because: (1) Plaintiffs first admitted that their claim arises under the Carmack Amendment in their September 10, 2006 response; and (2) this court has "exclusive jurisdiction" over claims under the Carmack Amendment. (Notice at 2–3.) Plaintiffs, on the other hand, quite convincingly argue that removal of this matter is untimely, given that: (1) Plaintiffs filed their initial, and as yet unamended, complaint on October 26, 2005; and (2) Defendant Spirit received service of same on November 7, 2005. (Pls.' Obj. at 2; Pls.' Br. at 3.) I address the parties' arguments in turn.[3]

---

[3]The court notes that there may be some issue as to the requirement that removal be uncontested by all defendants in a case, given that Defendant Alpha has apparently not been served or dismissed from the case. There is a split of authority in multi-defendant cases as to when the thirty-day period contemplated by the removal statute begins. The majority rule is that "the thirty-day period commences when service is obtained on the first-served defendant." *Bachman v. Fred Meyer Stores, Inc.*, 402 F. Supp. 2d 1342, 1345 (D. Utah 2005) (citation

Defendant Spirit's argument that the eve-of-trial removal it seeks is timely is beyond disingenuous. It is reprehensible. First, Defendant Spirit underscores that in response to its motion to dismiss, Plaintiffs "for the first time" admitted that the Carmack Act governs their claims. (Notice at 3.) Defendant Spirit then asserts that the notice of removal presently before this court has been filed within thirty days of service of "the first pleading from which it may be ascertained that the case is one which is or has become removable." (*Id.*) Thus, Defendant Spirit implicitly argues that Plaintiff's response to its motion to dismiss serves as this "first pleading." (*Id.*)

At the outset, the court notes that Defendant Spirit very subtlely misstates the law. As noted above, a defendant seeking removal of an action must file a notice of removal with the district court within thirty days of service of "the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (2006). Pursuant to Federal Rule of Civil Procedure 7, and as relevant here, "pleadings" consist only of the complaint, answer, and reply to counterclaims. Fed. R. Civ. P. 7 (2006). Consequently, Plaintiffs' response to Defendant Spirit's motion to dismiss cannot take on the role presently proposed. Further, Defendant Spirit's argument collapses on its self-serving calculus. Evidently, the complaint was sufficient fodder to inspire Defendant Spirit's earlier arguments — contained in its August 10,

---

omitted). Under the minority rule, each defendant to an action is entitled to thirty days after service upon the last defendant, and all defendants can consent to removal by the last defendant. *Id.* Although the Tenth Circuit has not had occasion to address this issue, this court is inclined to follow the majority rule. *See id.*

2006 motion to dismiss — that the Carmack Amendment governed Plaintiffs' claims.[4] (Notice, Ex. B at 3, 4–9 [Mot. to Dismiss] [arguing Plaintiffs' claims must be dismissed because "[a]ny disputes concerning property under a bill of lading must be brought pursuant to the provisions of the [Interstate Commerce] Act."].)  In light of Defendant Spirit's arguments, it is markedly difficult to ascertain how anything other than the complaint could serve as "the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as contemplated by the removal statute — and Defendant Spirit offers no argument to aid the court in this endeavor.  28 U.S.C. § 1446(b) (2006).  This court finds that the October 26, 2005 complaint, of which Defendant Spirit evidently received service on November 7, 2005, serves as the relevant pleading for calculating the appropriate window of time for removal.  In light of this determination, it is simply beyond contention that Defendant Spirit's October 3, 2006 notice of removal has not been timely filed within thirty days of either the filing or service of the complaint.

Further, as to this court's purported exclusive jurisdiction, a brief description of the Carmack Amendment aids this court's analysis.  The Carmack Amendment imposes absolute liability upon carriers for all losses of and damage to property caused by the carriers.  *Norton v. Jim Phillips Horse Transp., Inc.*, 901 F.2d 821, 826–27 (10th Cir. 1990) (citing 49 U.S.C. § 11707[a][1]).  Importantly, carriers may limit their liability under the Carmack Amendment by taking four steps: (1) maintaining a tariff within the prescribed guidelines of the Interstate Commerce Commission; (2) obtaining the shipper's concession and agreement to his choice of

---

[4] This court underscores that Plaintiffs' complaint has not been amended.

liability; (3) giving the shipper a reasonable opportunity to choose between two or more levels of liability; and (4) issuing a receipt or bill of lading prior to moving the shipper's goods or items. *Id.* (citing 49 U.S.C. § 11707[c][4]; *Hughes v. United Van Lines*, Inc., 829 F.2d 1407, 1415 [7th Cir. 1987]). The parties evidently do not dispute that the Carmack Act is applicable to the instant case. (Notice, Ex. B at 2 [Mot. to Dismiss], Ex. P at 2 [Pls.' Reply (sic) to Mot. to Dismiss].)

Rather, the dispute at hand concerns jurisdiction. Despite Defendant Spirit's assertion that this court maintains exclusive jurisdiction over Carmack Amendment claims, it is clear that federal and state courts have concurrent jurisdiction over such claims. (Notice at 3.) Indeed, the Carmack Amendment on its face belies Defendant Spirit's contentions. To wit:

> A civil action under this section may be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is in a judicial district, and if in a State court, is in a State through which the defendant carrier operates.

49 U.S.C. § 14706 (2006). Defendant Spirit's flagrant misrepresentation of the law to this court is shocking in light of Defendant Spirit's reference to the very section of the United States Code cited above in its notice of removal. (Notice at 3.) This court could possibly look past Defendant Spirit's own oversight, glaring though it may be. However, it is not lost on this court that Plaintiffs discussed this jurisdictional issue in their response to Defendant Spirit's motion to dismiss. (*Id.*, Ex. P at 2 [Pls.' Reply (sic) to Mot. to Dismiss].) The court underscores that Plaintiffs cited a widely-revered legal encyclopedia in support of their arguments in their brief in response to Defendant Spirit's motion to dismiss. Indeed, Plaintiffs attached the following section as an exhibit to their brief, which reads "state courts have concurrent jurisdiction over claims

controlled by the Interstate Commerce Act." (*Id.* Ex. P at 2 [Pls.' Reply (sic) to Mot. to Dismiss] [citing 14 AM. JURISPRUDENCE 2D § 594.) In light of Plaintiffs' response, Defendant Spirit was clearly on notice of the state of the law. This court cannot overlook and will not abide by Defendant Spirit's brazen attempts to re-characterize the same.

Given the abhorrent tenor of Defendant Spirit's notice of removal, which appears to be a poorly disguised stall tactic to halt proceedings combined with a badly misguided attempt to misrepresent the law and facts before this court, this court awards Plaintiffs their costs and reasonable attorney fees incurred in connection with remand, as authorized by 28 U.S.C. § 1447(c) (2006).

Based on the foregoing, it is hereby ORDERED that:

1. Defendant Spirit's notice of removal (#1) is VACATED as untimely.

2. Plaintiffs' motion to remand (#14) is GRANTED.

3. This case is hereby REMANDED for further proceedings as scheduled in Adams County District Court.

4. Plaintiffs may have their costs by filing a bill of costs within eleven days of the date of this order. Plaintiffs may have attorney fees incurred in connection with these motions by filing notice to the court within eleven days of this order. In keeping with Colorado Local Civil Rule 54.3, in said notice, Plaintiffs shall set forth the hours and rates at issue, the total amount claimed, a description of the services rendered, and a summary of the service providers' relevant qualifications and experience. Plaintiffs need not file affidavits in support of said notice.

Additionally, the notice shall comply with Local Rule 7.1A by stating whether any aspect of the application is opposed. If it is opposed, the court shall schedule further proceedings.

Dated this 11th day of October, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge